UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORAN FOODS, LLC<br>D/B/A SAVE-A-LOT, LTD.<br><br>          *Plaintiff,*<br><br>     v.<br><br>JOHN DOE,<br><br>          *Defendant.* | Case No. 24-cv-1514<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Moran Foods, LLC d/b/a Save-A-Lot, Ltd. ("**Plaintiff**"), by and through its undersigned counsel, brings this Complaint against Defendant John Doe ("**Defendant**"), and in support thereof, alleges the following:

## THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Saint Ann, Missouri.

2.      The identity of Defendant is unknown. As set forth more fully below, Defendant is an anonymous individual who used the email address ken.thomson6520@gmail.com to defame Plaintiff with its business partners and induce those business partners to breach their contracts with Plaintiff. Plaintiff has attempted to ascertain Defendant's identity but has been unable to do so. Among other things, Plaintiff has conducted a comprehensive internet search for Defendant's email address and the name apparently associated with it, Ken Thomson. A LinkedIn profile exists for a purported individual by the name "Ken Thompson," suggesting that this individual is a "Key holder at SaveaLot" and works and resides in Logan, Ohio. The true name of Defendant is

unknown to Plaintiff.  Plaintiff therefore sues Defendant by this fictitious name and will amend the Complaint to reflect the true name and capacity of Defendant when it ascertains that information.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.  There is complete diversity of citizenship because Plaintiff is domiciled in Missouri and, upon information and belief, Defendant is a citizen of Ohio.

4. This Court has personal jurisdiction over Defendant because Defendant has committed tortious acts within the State of Missouri by defaming Plaintiff and interfering with its contracts, knowing that such acts were likely to (and in fact did) cause consumer confusion and harm to Plaintiff in Missouri.

5. Venue is proper within the Eastern District of Missouri under 28 U.S.C. § 1391(b)(2) since a substantial part of the conduct that is the subject of this action occurred and/or is occurring in this District.

## FACTS

6. Plaintiff is a discount grocery chain that offers store licensing opportunities for independent retailers ("**Retail Partners**") to operate stores under the Save-A-Lot brand with the support of Plaintiff's supply and distribution network through which it sells branded food and non-food products.

7. Since its founding in 1977, Plaintiff has grown to become a large discount grocery store chain, having hundreds of stores throughout the United States, including Missouri, and billions of dollars in sales.

8. Due to its long-standing presence as a discount grocery store, Plaintiff has become well-known and respected in the discount grocery retail industry.

9. Plaintiff has license and supply agreements ("**LSAs**") with each Retail Partner that require, among other things, the Retail Partner to: (1) operate Save-A-Lot branded stores in accordance with certain Save-A-Lot program standards and using Save-A-Lot trademarks; (2) purchase certain inventory from Plaintiff; (3) not compete with Plaintiff; and (4) keep confidential certain proprietary and financial information about the business relationship.

10. Under the LSAs, the failure of the Retail Partner to operate the stores as Save-a lot-branded grocery stores and to continue to purchase inventory from Plaintiff constitute material breaches of the LSAs.

11. On August 2, 2024, at 7:03 PM CST, Defendant, using the email address ken.thomson6520@gmail.com, sent an email to 498 representatives of Plaintiff's Retail Partners with the subject line "Urgent Notification: Potential Supplier Bankruptcy Alert and Future Delivery Arrangements" and reading:

> I hope this message finds you well. I regret to inform you that Moran Foods (SAL) is currently in discussions to file bankruptcy protection. As a result, there is a potential risk associated with the Thrift Deposit we have with them.
>
> I want to alert you to this situation so that we can take proactive measures to safeguard our interests. Please ensure that the Thrift Deposit with Moran Foods (SAL) is secure and protected during this challenging time. We may need to explore options to recover or protect our investment in case of any liquidation or restructuring.
>
> To mitigate any potential disruptions to our business operations, we must also consider alternate options for POS [point of sale] system and related services to ensure continuity and minimize any negative impact on our business.

3

> Furthermore, it is imperative that we start making alternative arrangements for future deliveries to avoid any disruption to our operations.
>
> Thank you for your attention and collaboration in navigating this challenging scenario together!

12. This email was plainly false, fraudulent, and defamatory. The email gave readers the false impression that "Ken Thomson" was either an employee of Plaintiff or one of its Retail Partners with inside information, that Plaintiff was about to file for bankruptcy, and that Plaintiff needed to essentially wind down operations immediately. None of those assertions were true. No one named "Ken Thomson" works at Plaintiff or is a Retail Partner of Plaintiff. And Plaintiff was not and is not in discussions to file for bankruptcy protection.

13. On August 5, 2024, at 5:36 PM CST, Defendant sent an email to an additional 106 Retail Partner representatives with the same subject line as the August 2, 2024 email and reading:

> I am writing to follow up on my previous communication regarding Moran(SAL) financial situation(Potential Bankruptcy). I want to reiterate that this communication is not a scam or trying to get any personal or financial information. Our intent is to ensure that everyone is aware of the current state of affairs and to emphasize the need of more transparency and accountability from decision makers.
>
> Moran(SAL) is trying to divert your attention from a real issue here. Moran(SAL) financial status is indeed concerning, and it is crucial that we all focus on addressing this matter with utmost seriousness.
>
> We demand from Moran(SAL) Board of directors to provide transparent information regarding their financial health and undergo valuation by a reputable firm.
>
> We also would like Moran(SAL) owners/lenders to give written statements to retailers and vendors that Moran(SAL) is solvent.

4

> We all wish a bright and stable future for our businesses!

14. Like the August 2, 2024 email, the August 5, 2024 email was false, fraudulent, and defamatory. Contrary to the assertions in these emails (the "**August Emails**"), Plaintiff is neither in discussions to file for bankruptcy protection nor at risk of any liquidation or restructuring.

15. Since the August Emails, Retail Partners have requested to close or potentially sell Save-A-Lot stores and suppliers have halted shipments and resisted extending terms with Plaintiff—all at a greater rate than usual.

16. At least one Retail Partner that received the August Emails cited concerns with Plaintiff's solvency as a reason for recently breaching its LSAs with Plaintiff.

17. In addition, employees of one of Plaintiff's competitors, Associated Wholesale Grocers, Inc. ("**AWG**"), have contacted Retail Partners reciting the fake concerns alleged in the August Emails and misrepresenting that Plaintiff would soon go out of business, file for bankruptcy, or otherwise be unable to supply inventory to Retail Partners.

18. Plaintiff has spent significant resources to mitigate the potential damage from these defamatory August Emails, including by, among other things, (1) spending many hours investigating the false August Emails; (2) reassuring Retail Partners that the claims in the August Emails were fake and addressing Retail Partner requests to sell or close Save-A-Lot stores; (3) negotiating new terms with suppliers and addressing shipment holds; (4) sending a cease and desist letter to AWG; and (5) suing a Retail Partner over its breaches of its LSAs.

19. Indeed, in October, these conditions caused SAL to expend millions of dollars to pay down all of SAL's accounts payable to certain wholesale vendors to assuage fears of potential credit issues caused by the Defendant's false, defamatory, and malicious August Emails.

20. As a result of the August Emails, Plaintiff's business, reputation, and the goodwill associated with the Save-A-Lot name have been, and will continue to be, damaged.

## COUNT I
## DEFAMATION

21. Plaintiff herby realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22. Defendant sent the August Emails to Plaintiff's Retail Partners.

23. The August Emails defamed Plaintiff by falsely stating that Plaintiff was contemplating filing for bankruptcy and implying that Plaintiff was on the brink of insolvency.

24. Defendant sent the August Emails with malice or negligence, as evidenced by its pleas for Plaintiff's Retail Partners to "consider alternate options" and make "alternative arrangements" for their inventory supplier and point of sale systems.

25. As a direct and proximate result of Defendant's publication of the August Emails, Plaintiff has suffered damage to its reputation, as evidenced by (1) an increase in requests from Retail Partners to close or sell Save-A-Lot stores, (2) an increase in supplier requests to halt shipments, and (3) increased supplier resistance to extend terms. The August Emails are palpably undermining supplier confidence in Plaintiff's ability to pay.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT/BUSINESS RELATIONS

26. Plaintiff herby realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff has LSAs with each Retail Partner.

28. Defendant knew that Plaintiff has LSAs with each Retail Partner.

6

29. Defendant's August Emails attempted to (and did in fact) induce Retail Partners to breach their LSAs and/or maliciously interfere with Plaintiff's business with the Retail Partners by urging them to "consider alternate options" and make "alternative arrangements."

30. Defendant's August Emails induced Retail Partners to breach their LSAs by, among other things, purchasing inventory from Plaintiff's competitors and stopping to operate their stores as Save-A-Lot-branded grocery stores.

31. Defendant had no legal justification and used improper means to interfere with the LSAs and Plaintiff's business relations with its Retail Partners.

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer substantial damage.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment for Plaintiff against Defendant on all of the foregoing counts;

2. Order that Defendant be enjoined from further defaming Plaintiff, interfering with its contracts and/or business relations, or in any way causing further damage to Plaintiff;

3. Order Defendant to undertake such remedial efforts as the Court deems necessary to restore Plaintiff's reputation;

4. Award Plaintiff monetary damages in an amount to be determined at trial;

5. Award Plaintiff its reasonable attorneys' fees and costs;

6. Grant a waiver of the Rule 26(f) discovery conference to permit Plaintiff to issue subpoenas upon the filing of this action so as to discover the identity of Defendant and additional information about its claims in this action; and

7. Award Plaintiff any other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 12, 2024

          Respectfully Submitted,

/s/ Karen E. Vaysman
Karen E. Vaysman, 6327730IL
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Tel. 312-207-1000
kvaysman@reedsmith.com

- and -

/s/ Mark Bini
Mark Bini (*pro hac vice pending*)
Kaela Dahan (*pro hac vice pending*)
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel. 212-521-5400
mbini@reedsmith.com
kdahan@reedsmith.com

***Attorneys for Plaintiff***