**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORAN FOODS, LLC<br>D/B/A SAVE-A-LOT, LTD. | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. 4:24CV1514 JAR |
| JOHN DOE, | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *ex parte* motion for leave to serve third-party subpoenas prior to Rule 26(f) conference. ECF No. 8. For the reasons set forth below, the motion will be granted in part and denied in part.

Also before the Court is Plaintiff's *ex parte* motion for leave to file schedule for corporate disclosure statement under seal. ECF No. 16. The Court reviewed the motion and finds that Plaintiff has shown that sealing the schedule is warranted under the circumstances. The motion will therefore be granted subject to further order by the Court.

### Background

In this action Plaintiff alleges that Defendant John Doe used the email address "ken.thomson6520@gmail.com" to send emails to Plaintiff's retail partners claiming that Plaintiff was discussing filing for bankruptcy protection, implying that Plaintiff may not be solvent, and urging the retail partners to take proactive measures to safeguard their interests in case of liquidation or restructuring. Plaintiff states that it spent resources reassuring retail partners that the claims in the emails were fake and addressing retail partner requests to sell or close stores, negotiating new terms with suppliers and addressing shipment holds, and suing a retail partner for

breach of contract. These conditions also purportedly caused Plaintiff to expend millions of dollars to pay down accounts payable to certain wholesale vendors to mitigate fears of potential credit issues.

Plaintiff conducted an internet search for "ken.thomson6520@gmail.com" and the name apparently associated with it, Ken Thomson. Plaintiff emailed the Thomson Gmail account and received a notification from Google that the email was "undeliverable," indicating that either the account holder or Google had deleted the Thomson Gmail account.

Further, Plaintiff has no records of ever employing or affiliating with an individual named Ken Thomson, yet Plaintiff discovered a LinkedIn profile for a purported individual named Ken Thompson that suggests he is a "Key holder at SaveaLot" that works and resides in Logan, Ohio. Plaintiff reported the Thompson LinkedIn profile to LinkedIn as fraudulent but has received no substantive response. Other efforts were made by Plaintiff to identify the holder of the Thompson Gmail account, but these additional investigations also came up empty.

On November 12, 2024, Plaintiff filed a complaint against Defendant John Doe asserting claims of defamation and tortious interference with contract/business relations. ECF No. 1. Plaintiff seeks an order for expedited discovery to serve Rule 45 subpoenas on Google LLC and LinkedIn Corporation to gain information sufficient to determine the identity of the Defendant. Plaintiff asserts that good cause exists for expedited discovery because this information is crucial to the prosecution of Plaintiff's claims and no other reasonable means exist to identify the Defendant.

**Discussion**

The Federal Rules of Civil Procedure authorize courts to order discovery on an expedited basis before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts in this District consistently

apply a good cause standard when considering motions to expedite discovery. *Monsanto Co. v. Sauceda*, No. 4:10-V-2249 CEJ, 2011 WL 65106, at *1 (E.D. Mo. Jan. 7, 2011). When assessing good cause for expedited discovery in the context of an anonymous defendant, courts in the Eighth Circuit often analyze five factors: (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the objecting party's expectation of privacy. *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-0771 (DWF/HB), 2018 WL 2278110, at 2-3* (D. Minn. May 18, 2018). In similar cases, courts in the Eighth Circuit have concluded the anonymous individual's expectation of privacy in their name and address "is outweighed by [Plaintiffs'] right to use the judicial process to pursue a plausible claim ..., especially given that the Court can craft a limited protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect an innocent [individual]." *Morbitzer v. Doe*, No. 21-CV-2038 (PJS/HB), 2021 WL 4273019 (D. Minn. Sept. 21, 2021) (quoting *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2278110 at 5*).

The Court finds that Plaintiff has satisfied the five factors as to the Google discovery request but concludes that the LinkedIn discovery request is lacking. While the Google discovery request clearly relates to the Gmail account used to send emails to Plaintiff's retail partners, Plaintiff has not established that the holder of the Gmail account and the holder of the LinkedIn profile is the same individual. The Court understands there may be a high likelihood that both accounts relate to same individual, but at this point in the proceedings the Court will not grant the LinkedIn discovery request without more solid evidence demonstrating the connection. Because Plaintiff may very well obtain the relevant information solely from the Google discovery request, the Court finds that Plaintiff has not established the necessary specificity, the absence of alternative

means to obtain the information, or the need for the LinkedIn discovery request to advance the claim at present. At this time, the Court will only permit the Google subpoena seeking the name and address of the Gmail account holder with the email address identified in the Complaint during the time period of the alleged activity referenced in the Complaint. If the Google subpoena does not result in successful identification of the Gmail account holder, the Court may reconsider Plaintiff's LinkedIn discovery request upon motion and good cause.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *ex parte* motion for leave to serve third-party subpoenas prior to Rule 26(f) conference [ECF No. 8] is **DENIED without prejudice** with respect to LinkedIn Corporation and **GRANTED** with respect to Google LLC as follows:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Google LLC ("Google"). The subpoena must be limited to a request to identify the particular Gmail account holder ("Account Holder") identified in the Complaint. The requested information must be limited to the name and address of the Account Holder with the email address identified in the Complaint during the time period of the alleged infringing activity referenced in the Complaint. The subpoena shall have a copy of this Order attached. Plaintiff shall have thirty (30) days from the date of this Order to serve the subpoena.

2. The subpoena must set a date for production that is not less than sixty-five days (65) days from the date of the subpoena. Nothing in this Order precludes Google from seeking a protective order or moving to contest the subpoena if it determines there is a legitimate basis for doing so.

3. Within fourteen (14) days after service of the subpoena, Google must notify the Account Holder whose identity is sought that his or her name and address have been subpoenaed by Plaintiff. Notification may be made by any reasonable means, including by written notice sent to the Account Holder's last known address via first-class mail. Google must provide a copy of this Order with the required notice to the Account Holder.

4. The Account Holder shall have forty-five (45) days from the date of the notice from Google to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Should the Account Holder file a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, Plaintiff must immediately notify Google of that motion and Google shall not produce the information until that motion has been decided.

5. Google shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion. In no event shall Google produce the requested information to Plaintiff earlier than sixty-five (65) days from the date of the subpoena.

6. Plaintiff shall have fourteen (14) days from the date of the motion's filing to respond in opposition to any motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief. The movant may file a reply to Plaintiff's opposition within fourteen (14) days thereof.

7. Google must give immediate notice to the Account Holder upon production to Plaintiff of the requested information, including the specific information produced and the date the production was made.

8. If the Account Holder includes identifying information in his or her motion for a protective order, the Court finds good cause to order the documents containing that information filed under temporary seal until the Court has the opportunity to rule on the motion and to consider whether such documents should remain under seal.

9. Plaintiff may use any information produced by Google in response to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint and for no other purpose. This limitation on the use of the information will not expire absent further order of the Court.

10. On or before March 10, 2025, Plaintiff must file a status report with the Court briefly outlining the progress of the discovery authorized by this Order. The status report must not include any identifying information about the Account Holder.

11. No other discovery is authorized at this time.

**IT IS FURTHER ORDERED** that Plaintiff's *ex parte* motion for leave to file schedule for corporate disclosure statement under seal [ECF No. 16] is **GRANTED** subject to further order by the Court.

Dated this 13th day of December, 2024.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE