### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MORAN FOODS, LLC | ) | |
| D/B/A SAVE-A-LOT, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24CV1514 JAR |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *ex parte* motion for leave to serve third-party subpoenas prior to Rule 26(f) conference. ECF No. 26. For the reasons set forth below, the motion will be granted.

### Background

In this action Plaintiff alleges that in August 2024, Defendant John Doe used the email address "ken.thomson6520@gmail.com" to send emails to Plaintiff's retail partners claiming that Plaintiff was discussing filing for bankruptcy protection, implying that Plaintiff may not be solvent, and urging the retail partners to take proactive measures to safeguard their interests in case of liquidation or restructuring. Plaintiff states that it spent resources reassuring retail partners that the claims in the emails were fake and addressing retail partner requests to sell or close stores, negotiating new terms with suppliers and addressing shipment holds, and suing a retail partner for breach of contract. These conditions also purportedly caused Plaintiff to expend millions of dollars to pay down accounts payable to certain wholesale vendors to mitigate fears of potential credit issues.

Plaintiff conducted an internet search for "ken.thomson6520@gmail.com" and the name apparently associated with it, Ken Thomson. Plaintiff emailed the Thomson Gmail account and received a notification from Google that the email was "undeliverable," indicating that either the account holder or Google had deleted the Thomson Gmail account. Other efforts were made by Plaintiff to identify the holder of the Thompson Gmail account, but these additional investigations also came up empty.

On November 12, 2024, Plaintiff filed a complaint against Defendant John Doe asserting claims of defamation and tortious interference with contract/business relations. ECF No. 1. On December 13, 2024, the Court granted Plaintiff's *ex parte* motion for leave to serve third-party subpoenas prior to Rule 26(f) conference with respect to Google LLC. ECF No. 21.

On March 11, 2025, Google produced subscriber information to Plaintiff regarding the Thomson Gmail Account indicating that the account holder did not provide Google with a name, address, or any other direct contact information. Google instead disclosed three Internet Protocol ("IP") Addresses that had accessed the Thomson Gmail Account on August 2, 2024. Plaintiff's counsel tracked these IP Addresses to two internet service providers ("ISP")—AT&T Mobility LLC ("AT&T") and Charter Communications Inc. ("Charter"). ECF No. 27.

Plaintiff now seeks leave to serve Rule 45 subpoenas on AT&T and Charter to gain information sufficient to determine the identity of the Defendant. ECF No. 26. Plaintiff asserts that good cause exists for expedited discovery because it has alleged actionable claims, its discovery requests are specific, it has no alternative means to obtain the discovery sought, the subpoenaed information is necessary to advance Plaintiff's claims, and its interests substantially outweigh Defendant's privacy interest. ECF No. 28.

**Discussion**

The Federal Rules of Civil Procedure authorize courts to order discovery on an expedited basis before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts in this District consistently apply a good cause standard when considering motions to expedite discovery. *Monsanto Co. v. Sauceda*, No. 4:10-V-2249 CEJ, 2011 WL 65106, at \*1 (E.D. Mo. Jan. 7, 2011). When assessing good cause for expedited discovery in the context of an anonymous defendant, courts in the Eighth Circuit often analyze five factors: (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the objecting party's expectation of privacy. *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-0771 (DWF/HB), 2018 WL 2278110, at 2-3\* (D. Minn. May 18, 2018). In similar cases, courts in the Eighth Circuit have concluded the anonymous individual's expectation of privacy in their name and address "is outweighed by [Plaintiffs'] right to use the judicial process to pursue a plausible claim ..., especially given that the Court can craft a limited protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect an innocent [individual]." *Morbitzer v. Doe*, No. 21-CV-2038 (PJS/HB), 2021 WL 4273019 (D. Minn. Sept. 21, 2021) (quoting *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2278110 at 5\*).

The Court finds that Plaintiff has satisfied the five factors for expedited discovery. The AT&T and Charter discovery requests clearly relate to the Gmail account used to send emails to Plaintiff's retail partners, as the above-referenced IP addresses accessed the account. Plaintiff has established the necessary specificity, the absence of alternative means to obtain the information, and the need for the discovery requests to advance its claims. The Court will permit Plaintiff to

issue limited subpoenas on AT&T and Charter for the name and address of the subscriber associated with the above-referenced IP addresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *ex parte* motion for leave to serve third-party subpoenas prior to Rule 26(f) conference [ECF No. 26] is **GRANTED** as follows:

1. Plaintiff may serve subpoenas pursuant to Federal Rule of Civil Procedure 45 on AT&T and Charter. The subpoenas must be limited to requesting the name and address of the subscriber ("Subscriber") associated with the above-referenced IP addresses during the time period of the alleged infringing activity referenced in the Complaint. The subpoenas shall have a copy of this Order attached. Plaintiff shall have thirty (30) days from the date of this Order to serve the subpoenas.

2. The subpoenas must set a date for production that is not less than forty-five days (45) days from the date of the subpoenas. Nothing in this Order precludes AT&T/Charter from seeking a protective order or moving to contest the subpoena if it determines there is a legitimate basis for doing so.

3. Within ten (10) days after service of the subpoenas, AT&T/Charter must notify the Subscriber whose identity is sought that his or her name and address have been subpoenaed by Plaintiff. Notification may be made by any reasonable means, including by written notice sent to the Subscriber's last known address via first-class mail. AT&T/Charter must provide a copy of this Order with the required notice to the Subscriber.

4. The Subscriber shall have thirty (30) days from the date of the notice from AT&T/Charter to file any motions with this Court contesting the subpoena (including

a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Should the Subscriber file a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, Plaintiff must immediately notify AT&T/Charter of that motion and AT&T/Charter shall not produce the information until that motion has been decided.

5. AT&T/Charter shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion. In no event shall AT&T/Charter produce the requested information to Plaintiff earlier than forty-five (45) days from the date of the subpoena.

6. Plaintiff shall have fourteen (14) days from the date of the motion's filing to respond in opposition to any motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief. The movant may file a reply to Plaintiff's opposition within fourteen (14) days thereof.

7. AT&T/Charter must give immediate notice to the Subscriber upon production to Plaintiff of the requested information, including the specific information produced and the date the production was made.

8. If the Subscriber includes identifying information in his or her motion for a protective order, the Court finds good cause to order the documents containing that information filed under temporary seal until the Court has the opportunity to rule on the motion and to consider whether such documents should remain under seal.

9. Plaintiff may use any information produced by AT&T/Charter in response to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set

forth in its Complaint and for no other purpose. This limitation on the use of the

information will not expire absent further order of the Court.

10. On or before July 11, 2025, Plaintiff must file a status report with the Court briefly

outlining the progress of the discovery authorized by this Order. The status report

must not include any identifying information about the Subscriber.

11. No other discovery is authorized at this time.

Dated this 11th day of April, 2025.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE