UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORAN FOODS, LLC d/b/a SAVE-A-LOT, LTD., | ) ) ) |
| Plaintiff, | ) ) Case No. 4:24-CV-01514-JAR |
| v. | ) ) ) |
| MUHAMMAD BABAR CHAUDHRY, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Muhammad Babar Chaudhry moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) to dismiss the First Amended Complaint [Doc. 38] for lack of personal jurisdiction and improper venue.

**INTRODUCTION**

Plaintiff, a Missouri-based company, alleges that two emails sent on August 2 and August 5, 2024 (the "August Emails") to certain nationwide retail partners defamed it and tortiously interfered with its business relationships. Plaintiff filed this action in the Eastern District of Missouri solely because it is headquartered here and claims to have felt the effects of those two emails in this state.

Defendant is an Ohio resident who owns and operates an Ohio-based limited liability company. Neither he nor his company has any physical presence, employees, or offices in Missouri. The First Amended Complaint contains no allegations that Defendant sent the August Emails from Missouri, directed them specifically at Missouri, or even knew which (or how many) of Plaintiff's hundreds of nationwide retail partners were located here. Under controlling Supreme

1

Court and Eighth Circuit authority, the unilateral decision of a plaintiff to locate its headquarters in a forum—and to feel harm there—does not create personal jurisdiction over a non-resident defendant whose only alleged conduct occurred elsewhere. Venue is likewise improper for the same reasons. This case belongs, if anywhere, in Ohio.

## STANDARD OF REVIEW

"When a defendant challenges personal jurisdiction, the plaintiff 'must make a prima facie showing of personal jurisdiction over the challenging defendant.'" *R&R Propane, LLC v. Tiger Payment Solutions, LLC*, 756 F.Supp.3d 734, 739 (E.D. Mo. 2024) (quoting *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014)). "That showing is made 'by pleading sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Id.* (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011)) (alteration in original); *and see Degnen v. Dental Fix RX LLC*, No. 4:15-CV-1372 JAR, 2016 WL 4158888, at *2 (E.D. Mo. Aug. 5, 2016) (a "bare allegation is insufficient to justify the Court's exercise of personal jurisdiction…"). "The 'party seeking to establish the court's personal jurisdiction carries the burden of proof,' but the Court 'must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor." *R&R Propane, LLC*, 756 F.Supp.3d at 739 (quoting *Fastpath*, 760 F.3d at 820).

## ARGUMENT

**I. This Court Lacks Personal Jurisdiction over Defendant.**

A federal court sitting in diversity may exercise specific personal jurisdiction[1] over a non-

---

[1] Plaintiff has not alleged Defendant is at home in Missouri, such that general personal jurisdiction is at issue.

resident defendant only if (1) the forum state's long-arm statute[2] is satisfied and (2) the exercise of jurisdiction comports with due process. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 593 (8th Cir. 2011).

Plaintiff has failed to establish sufficient minimum contacts to confer personal jurisdiction.

### A.  Defendant Lacks Minimum Contacts with Missouri.

The "touchstone" of the jurisdictional due process analysis is whether Defendant has sufficient "minimum contacts with [Missouri] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*.

Plaintiff's jurisdictional theory collapses on this principle. The First Amended Complaint alleges that Defendant, from Ohio, caused two emails to be sent *en masse* to hundreds of Plaintiff's "Retail Partners" who operate "hundreds of stores throughout the United States…". [Doc. 38, ¶¶ 2, 6-7, 13, 15]. It never alleges that Defendant specifically targeted Missouri residents, sent the emails from Missouri, or explicitly knew any recipient was in Missouri. The sole alleged connection between Defendant and this forum is that Plaintiff is headquartered here, claims to have felt economic harm here, and has at least one store here out of hundreds. That is precisely the type of plaintiff-centered jurisdictional hook courts have rejected. *See Walden,* 517 U.S. at 290-91.

The Eighth Circuit has repeatedly applied this test to defamation and business-tort claims

---

[2] The only relevant portion of Missouri's long arm statute is the "commission of a tortious act within this state", as recognized by Plaintiff. *See* [Doc. 38, ¶ 4].

arising from out-of-state communications. *See e.g., Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020) (affirming dismissal based on lack of specific personal jurisdiction, explaining, "when the only connection between the defendants and the forum state is the plaintiff himself, [calls, emails, and text messages] are not enough on their own."); *Viasystems, Inc.,* 646 F.3d at 594 (holding "incidental contacts with Missouri—scattered e-mails, phone calls… do not constitute a 'deliberate' and 'substantial connection' with the state" for specific personal jurisdiction.). The same result is obtained here: two emails sent to nationwide recipients, with no Missouri-specific targeting, cannot establish minimum contacts for due process purposes.

### B. The *Calder* "Effects Test" for Intentional Torts is Not Satisfied.

Since Plaintiff alleges two intentional torts (defamation and tortious interference), the *Calder* "effects test" must also be satisfied for due process to be met. *Johnson v. Arden,* 614 F.3d 785, 797 (8th Cir. 2010) ("*Calder* requires the consideration of additional factors when an intentional tort is alleged."); *Calder v. Jones*, 465 U.S. 783, 104 (1984).

The *Calder* test permits personal jurisdiction only when the plaintiff makes a prima facie showing that the defendant's intentional acts were "uniquely or expressly aimed at the forum state," and "caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state]." *Johnson,* 614 F.3d at 796 (internal quotations and citations omitted); *see Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.,* 127 F. Supp. 3d 1020, 1027 (E.D. Mo. 2015) (where there were "no other contacts with Missouri" besides the extraterritorial acts and their effects, dismissal for lack of personal jurisdiction was proper.).

Plaintiff fails both prongs. First, the August Emails were sent to retail partners across the country; nothing in the First Amended Complaint suggests they were "uniquely or expressly aimed" at Missouri. *Johnson*, 614 F.3d at 797 (dismissing defamation claim). Second, Plaintiff has

4

not alleged that Defendant knew the brunt of any harm would be suffered in Missouri rather than in the dozens of other states and hundreds of other locations where Plaintiff's alleged Retail Partners operate. *Id.*; [*see* Doc. 38, ¶¶ 6-7, 13, 15, 21-25]. The *Calder* effects test is therefore unsatisfied, and due process requirements unmet.

Because Defendant lacks minimum contacts with Missouri and the exercise of jurisdiction would violate due process, dismissal is required under Rule 12(b)(2).

## II. Venue Is Improper In The Eastern District Of Missouri.

Venue in a diversity action is governed by 28 U.S.C. § 1391(b). Plaintiff relies exclusively on § 1391(b)(2), which requires that "***a substantial part*** of the events or omissions giving rise to the claim occurred" in this district. (emphasis added). Plaintiff's conclusory allegation that venue is proper [Doc. 38, ¶ 5] is unsupported by any facts and is contradicted by its own pleadings.

The Eighth Circuit has instructed that § 1391(b)(2) focuses on "relevant activities of the defendant, not of the plaintiff." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Plaintiff does not allege that Defendant drafted, sent, or caused the August Emails to be sent from Missouri. To the contrary, it alleges Defendant is an Ohio resident who operates an Ohio business [Doc. 38, ¶¶ 2, 11 and fn. 1-5], and that the emails were sent by a "former employee" whose location is nowhere identified as Missouri. [Doc. 38, ¶¶ 13, 15, 27-30 and 34-35]. The only events Plaintiff alleged are (1) Defendant caused two emails to be sent and (2) the nationwide dissemination of those emails. Neither is alleged to have substantially occurred in this District.

Plaintiff's attempt to manufacture venue by pointing to its own Missouri headquarters and the alleged effects felt here has been expressly rejected by the courts and legislature. *Woodke*, 70 F.3d at 985 ("Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff."). Because no substantial part of Defendant's relevant conduct occurred in the

5

Eastern District of Missouri, venue is improper under 28 U.S.C. § 1391(b)(2), and dismissal is required under Rule 12(b)(3) and 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . .").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2)-(3) and 28 U.S.C. § 1406(a), and grant such additional relief as the Court deems just and proper.

Respectfully Submitted,

HAMILTON WEBER LLC

/s/ *Tanner A. Kirksey*
Jared D. Howell   #67332MO
Tanner A. Kirksey   #72882MO
200 N. Third Street
St. Charles, MO 63301
(636) 947-4700
jhowell@hamiltonweber.com
tkirksey@hamiltonweber.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing document was served this 4th day of December 2025, by notice of filing through the Court's electronic filing system, to all parties of record.

                                                         /s/ *Tanner A. Kirksey*